UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-365-MOC
(3:90-cr-85-MOC-7)

| | | |
|---|---|---|
| GARY L. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Reopen," filed under Federal Rule of Civil Procedure 60(b). (Doc. No. 5).

**I.     BACKGROUND**

In 1990, pro se Petitioner was found guilty, after a jury trial, of conspiracy to possess with intent to distribute cocaine base and use of a firearm during and in relation to a drug-trafficking crime and aiding and abetting. See (Crim. Case No. 3:90-cr-85). This Court subsequently sentenced Petitioner to a total of 660 months in prison. See (Civ. No. 3:06-cv25 at 1). Petitioner appealed and on October 7, 2003, the United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment and conviction. (Id. at 1-2).

On July 17, 2006, Petitioner filed his first motion to vacate his sentence under 28 U.S.C. § 2255, (Civ. No. 3:06cv25, Doc. No. 1), which this Court denied and dismissed as untimely. (Id., Doc. No. 3). Petitioner filed a second motion to vacate on June 4, 2007, (Civ. No. 3:07cv224, Doc. No. 1), and on June 6, 2007, this Court dismissed that motion to vacate as an unauthorized successive petition. (Id., Doc. No. 2). Petitioner filed the underlying motion to vacate on June

1

22, 2018, and this Court denied it as an unauthorized, successive petition in an Order dated July 16, 2018. (Doc. No. 3). Petitioner argued in the motion to vacate that this Court "erred by failing to render a sufficient jury instruction to support the element of an agreement to satisfy a conspiracy at 21 U.S.C. § 846," and he also claimed that he is "actually innocent" of the 50 gram or more threshold quantity for which he was found responsible. (Doc. No. 12 at 4, 5). Petitioner has now filed the pending motion to reopen, in which he claims that he is entitled to relief under Federal Rule of Civil Procedure 60(b).

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides for post-judgment relief where the moving party demonstrates: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). Petitioner's motion is denied, as this Court correctly dismissed Petitioner's motion to vacate as an unauthorized successive petition, and Petitioner has not shown that he is entitled relief under Rule 60.

## III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion to reopen.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Reopen (Doc. No. 5), is **DENIED**.

Signed: October 11, 2018

Max O. Cogburn Jr
United States District Judge